UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHEYN R.,[1] | Case No. 6:20-cv-01663-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMISSIONER, Social Security Administration, | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Cheyn R. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). *See* ECF No. 6. For the reasons that follow, the Commissioner's final decision is REVERSED and this case is REMANDED for further proceedings.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

Page 1 — OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed applications for DIB and SSI in March 2018 with an alleged onset date of January 1, 2011. Tr. 15.[2] Plaintiff's applications were denied initially in February 2019 and upon reconsideration in April 2019. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and a hearing was held in March 2020. *Id.* On April 6, 2020, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 12. The Appeals Council denied Plaintiff's request for review. Tr. 1. Plaintiff timely appealed.

## FACTUAL BACKGROUND

Plaintiff was 33 years old on his alleged onset date. Tr. 63. He has a General Educational Development ("GED") and had past relevant work experience as a cook, server, landscaper, parts supervisor, seasonal security, and airplane re-certificationist. Tr. 233–34. Plaintiff alleges disability based on a back pain, gout, umbilical cord hernia, growing hernia, and a left shoulder pain. Tr. 64.

## LEGAL STANDARD

A court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a

---

[2] "Tr." citations are to the Administrative Record. ECF No. 11.

grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation" (citation omitted)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citation and internal quotations omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment does not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial

Page 3 — OPINION AND ORDER

gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations the claimant's impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, the claimant is not disabled; if the claimant cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since his alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff had the following severe impairments: lumber spine degenerative disc disease status post-multiple surgeries; bilateral shoulder tendonitis; chronic pain syndrome; obesity; and diverticulitis status post sigmoid colectomy. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 19. The ALJ found that Plaintiff had the RFC to perform light work with the following limitations:

Page 4 — OPINION AND ORDER

> [Plaintiff could] stand and walk 4 hours of an 8-hour workday. There [could] be occasional climbing of ramps and stairs but no ladders, ropes, or scaffolds. [Plaintiff was] limited to frequent balancing and occasional stooping, kneeling, crouching, and crawling. [He was further] limited to occasional overhead and forward reaching with both arms. [Plaintiff] require[d] the use of a cane for most distances but especially over uneven surfaces.

Tr. 19.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 22. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairments. *Id.* The ALJ thus found Plaintiff was not disabled within the meaning of the Act. Tr. 24.

## DISCUSSION

Plaintiff asserts that remand is warranted for three reasons: (1) the ALJ erred by improperly rejecting his subjective symptom testimony; (2) the ALJ erred in rejecting medical opinion evidence; and (3) the ALJ failed to meet her burden at step five that Plaintiff retains the ability to perform other work in the national economy. The Court addresses each argument in turn.

### I.   Subjective Symptom Testimony

Plaintiff assigns error to the ALJ's evaluation of his subjective symptom testimony. Pl.'s Op. Br. 4–12, ECF No. 14. When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the

claimant is not credible is insufficient; instead, the ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, 2017 WL 5180304, at *2 (S.S.A. Oct. 25, 2017). The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

Plaintiff testified he had bad knees, Tr. 37, received shots for pain in his shoulder, Tr. 38, and had several back surgeries, Tr. 40. He required the use of a cane to assist with walking. Tr. 37. Plaintiff was unable bend over to tie his shoes and had difficulty cleaning himself. Tr. 43, 45. He cared for his two children, preparing meals and completing basic household chores with his mother's assistance. *Id.*, Tr. 44, 47.

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p, 2017 WL 5180304, at *1–2 (S.S.A. Oct. 25, 2017).

The ALJ rejected Plaintiff's subjective symptom testimony. Tr. 19. The Commissioner asserts that the ALJ supplied three valid rationales for doing so: (A) inconsistencies with his activities of daily living; (B) inconsistencies with the medical record; and (C) that Plaintiff stopped working for reasons unrelated to his impairments.

### A. Activities of Daily Living

The Commissioner contends the ALJ properly rejected Plaintiff's testimony based upon his activities of daily living. Def.'s Br. 4, ECF No. 15. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) where the activities contradict a claimant's testimony; or (2) as evidence a claimant can work if the activities "meet the threshold for transferable work skills." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her credibility).

The Commissioner cites Plaintiff's sole custody of his children, ability to drive his children to sports practice and games, perform basic household chores, go grocery shopping, and make meals for his family, asserting that these activities conflict with Plaintiff's testimony. Def.'s Br. 5; Tr. 21. Such a minimal activities, however, were insufficient to reject Plaintiff's testimony for multiple reasons.

First, the activities the ALJ summarized do not conflict with Plaintiff's testimony. For example, although the ALJ cited Plaintiff's ability to care for his children and take them to sporting events, Plaintiff explained that his mother provides significant assistance shuttling his

children to and from their activities. Tr. 47 ("she does, probably 80% for my . . . for my daughter and my son for helping get them to practices and picking them up"). At the grocery store, Plaintiff uses the grocery cart as a cane, or frequently asks his children to shop for him. Tr. 45. Although Plaintiff can prepare meals, he is limited to meals that do not require him to move above counter height. *See* Tr. 44. Finally, although Plaintiff can perform some basic chores, he explained that his children provide significant assistance. *Id.* The Ninth Circuit has consistently held that such modest activity levels are not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Second, the ALJ's discussion of Plaintiff's daily activities failed to explain "what symptom testimony [was] not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also Dodrill*, 12 F.3d at 918. As this Court has observed, an "ALJ's mere recitation of a claimant's activities is insufficient to support rejection of the claimant's testimony as a matter of law." *David J. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-cv-00647-MK, 2021 WL 3509716, at *4 (D. Or. Aug. 10, 2021) (citation omitted). In other words, other than generally summarizing Plaintiff's activities, the ALJ failed to explain how any of the listed activities undermined his subjective symptom testimony. Therefore, Plaintiff's activities of daily living were not a clear and convincing reason to reject Plaintiff's testimony. *See id.*

### B. Medical Record

As noted, the Commissioner asserts that the ALJ properly discounted Plaintiff's allegations because they were inconsistent with the objective medical evidence. Def.'s Br. 9. In some circumstances, an ALJ may reject subjective complaints where the claimant's "statements at her hearing do not comport with objective medical evidence in her medical record." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). However, a lack of objective evidence may not be the sole basis for rejecting a claimant's subjective complaints. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

An independent review of the objective medical record demonstrates that Plaintiff's subjective complaints were consistent with treatment records. For example, a February 2011 treatment note reflected that Plaintiff presented with significant left leg pain, consistent with S1 radiculopathy as an ongoing problem. Tr. 396. A May 2017 treatment note similarly reflected Plaintiff's longstanding arthritis and gastrointestinal issues. Tr. 501. An August 2017 treatment note reflected that Plaintiff had calcific tendinitis of both shoulders. Tr. 521. Plaintiff also consistently presented with severe pain. *See* Tr. 416, 299, 346, 351, 383, 392. As such, the medical record was not a legally sufficient reason to reject Plaintiff's testimony.

### C. Reasons for Stopping Work

The Commissioner asserts the Plaintiff stopped working for reasons unrelated to his impairments and therefore the ALJ was justified in his rejection of Plaintiff's testimony. Def.'s Br. 8. Specifically, the Commissioner highlights Plaintiff's 2008 report that he stopped working to provide care for his children and that this report, combined with Plaintiff's brief attempt at working a limited schedule for his mother, justified the wholesale rejection of Plaintiff's subjective symptom testimony. *Id.*; *see also* Tr. 21–22.

The Ninth Circuit has held that where a claimant's alleged disability is not the reason the claimant stopped working, an ALJ may discredit a claimant's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008). Here, however, the ALJ's reasoning fails to pass muster for at least two reasons. First, the 2008 report is not directly relevant to Plaintiff's 2011 application for disability benefits. While Plaintiff did leave a position in November 2008 to move to Oregon to care for his children, *see* Tr. 254 ("I stopped working at Adecco [in November 2008] because I needed to come up to Oregon to take care of my kids.") (capitalization normalized), that reason is unrelated his current disability claim. Second, as to the reasons Plaintiff left his 2011 job, where he worked "maybe two hours a day" for his mother's food cart, he explained that he stopped working due to shoulder pain. Tr. 37–38. As such, Plaintiff's work history was not a clear and convincing reason to reject his testimony.

In sum, the ALJ failed to supply clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

## II.  Medical Evidence

Plaintiff challenges the ALJ's assessment of the medical opinion evidence. Pl.'s Br. 12. For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168818, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18, 2017); *see also Tyrone W. v. Saul*, No. 3:19-cv-01719-IM, 2020 WL 6363839, at *6 (D. Or. Oct. 28, 2020) ("For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 416.920c governs how an ALJ must evaluate medical opinion evidence.").

Under the new regulations, the Commissioner is no longer required to supply "specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical

opinion." *Allen O. v. Comm'r of Soc. Sec.*, 3:19-cv-02080-BR, 2020 WL 6505308, at *5 (D. Or. Nov. 5, 2020) (citing *Revisions to Rules*, 2017 WL 168819, at *5867–68). Instead, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors in doing so are the opinion's "supportability" and "consistency." *Id.* ALJs must articulate "how [they] considered the supportability and consistency factors for a medical source's medical opinions . . . in [their] decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). With regard to supportability, the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support [their] medical opinion[ ], the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more consistent a medical opinion[ ] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). ALJs may consider other factors relating to the providers relationship with the claimant; however, they are not required to do so except in a limited number of circumstances. 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3).

The parties do not dispute that the new regulations apply. They do, however, dispute the impact the new regulations have on existing Ninth Circuit caselaw. *See, e.g.*, *Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (noting that "the Commissioner revised agency regulations to eliminate the hierarchy of medical opinions"); *Thomas S. v. Comm'r of Soc. Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020) (noting that the "hierarchy [for treatment of medical opinion evidence] underpinned the requirement in the Ninth Circuit that an ALJ must provide clear and convincing reasons to reject an uncontradicted doctor's opinion and specific and legitimate reason where the record contains

contradictory opinion"). The Ninth Circuit has not yet addressed whether or how the new regulations alter the standards set forth in prior cases for rejecting medical opinion evidence. *See Robert S.*, 2021 WL 1214518, at *4 (D. Or. Mar. 3, 2021) (collecting cases).

Given the Act's broad grant of authority to the agency to adopt rules regarding "proofs and evidence," prior caselaw must yield to the Commissioner's new, permissible regulations to the extent older cases expressly relied on the former regulations. *Yuckert*, 482 U.S. at 145 ("The Act authorizes the Secretary to 'adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same' in disability cases." (citing 42 U.S.C. § 405(a)); *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–83 (2005) (holding that courts should grant *Chevron* deference to regulatory changes that conflict with prior judicial precedent, unless a court's prior construction followed from the unambiguous terms of the statute and thus left no room for agency discretion); *Emilie K. v. Saul*, 2021 WL 864869, at *4 (E.D. Wash. Mar. 8, 2021) (collecting cases and observing "[m]ost District Courts to have addressed this issue have concluded that the regulations displace Ninth Circuit precedent").

The new regulations do not, however, upend the Ninth Circuit's entire body of caselaw relating to medical evidence, which remain binding on this Court. For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion. *Ghanim*, 763 F.3d at 1162; *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). Nor may ALJs dismiss a medical opinion without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not supported by sufficient
> objective findings or are contrary to the preponderant conclusions

> mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation omitted). In other words, while the new regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). With these principles in mind, the Court turns to the ALJ's assessment of the medical evidence.

    Karsten S. Johnson, D.O., served as one of Plaintiff's examining physicians during the relevant period. Tr. 727. Dr. Johnson observed that Plaintiff was "in acute distress," sat "somewhat uncomfortably and [was] not able to take off his shoes without difficulty." Tr. 728. Dr. Johnson diagnosed Plaintiff with lower back pain with likely radicular symptoms on the right, right hip pain, bilateral shoulder pain, and neck pain. Tr. 731. The doctor opined that Plaintiff could stand and walk for a maximum of four hours in an 8-hour workday, sit six hours, and required the use of a cane. *Id.* Plaintiff could carry 20 pounds occasionally and 10 pounds frequently, was limited in climbing steps, stairs, and could "occasional[ly] balance, stoop, kneel, crouch, and crawl." *Id.*

The ALJ found Dr. Johnson's opinion "pretty persuasive." Tr. 22. The ALJ did not find Dr. Johnson's opinion fully persuasive, however, and rejected the doctor's "occasional" balancing limitation in favor of a "frequent" one. *Id.* The ALJ cited Plaintiff's use of a cane and "his ability to shop and take his children to sports games" as her reasons for rejecting the limitation. *Id.* Although Plaintiff takes issue with the rejection of the doctor's opinion, to the extent the rejection was erroneous, any error was harmless. As the Commissioner correctly notes, the jobs identified by the vocational expert ("VE") did not require any balancing. Def.'s Br. 14, Tr. 57. Therefore, on this record, any purported error in rejecting Dr. Johnson's balancing limitation was harmless. However, for the reasons identified below, the ALJ's step five finding must be reversed.

### III.   Step Five Finding

Plaintiff assigns error to the ALJ's step five finding. Pl.'s Br. 19–21. Specifically, Plaintiff contends that the ALJ did not properly consider Plaintiff's testimony that the longest he could stand, walk, or sit was for a half an hour, and that he needed to frequently change positions. *Id.* ((citing *Matthews v. Sahalala,* 10 F.3d 768, 681 (9th Cir. 1993) ("If a vocational expert's hypothetical does not reflect all the [plaintiff's] limitations, then the . . . testimony has no evidentiary value . . .")). The Commissioner asserts the ALJ fulfilled his duty by providing "substantial accommodation for his impairments by assessing significant standing and walking limitations as well as postural and reaching limitations, including the use of a cane." Def.'s Br. 15–16.

Ultimately, the Court need not resolve the parties competing arguments. An ALJ may rely on the testimony of a VE at step five. 20 C.F.R. §§ 404.1566, 416.966. However, an ALJ may rely on a VE's testimony only where such testimony is based on a hypothetical that

"contain[s] all of the limitations that the ALJ found credible and supported by substantial evidence in the record." *Bayliss,* 427 F.3d at 1217. Where an ALJ's hypothetical is based on a residual functional capacity assessment that does not include some of the claimant's limitations, the VE's testimony "has no evidentiary value." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

Given the ALJ's errors in weighing the subjective symptom testimony discussed above, the VE's opinion in the case lacks evidentiary value because it fails to account for all of Plaintiff's limitations. *Carmickle*, 533 F.3d at 1166; *see also Ghanim*, 763 F.3d 1154, 1166 (9th Cir. 2014) (explaining that an ALJ's RFC determination is flawed where the ALJ improperly discounted medical evidence and therefore the reliance on the corresponding VE opinion was error). Accordingly, the ALJ's step five finding is not supported by substantial evidence and this case must be remanded.

**IV.     Remand**

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407

(9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)) (internal quotations omitted).

Here, the first requisite is met based on the ALJ's harmful legal errors. As discussed above, the ALJ failed to provide legally sufficient reasons for discrediting Plaintiff's subjective symptom testimony.

As to the second requisite, the Ninth Circuit has held that remanding for proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal quotations and citations omitted). Here, the record would benefit from further development. Specifically, the Court finds that the medical record would benefit from the opinion of a consultative medical examiner. Although the ALJ's error in relation to the medical evidence was harmless, the Court notes that the ALJ did not find persuasive either of the doctors who actually treated or examined Plaintiff.

Accordingly, this case is remanded for further administrative proceedings to: (1) reevaluate Plaintiff's subjective symptom; (2) order a consultative examination to assess the impact of Plaintiff's impairments on his ability to function in the workplace; (3) conduct a *de*

*novo* review of the medical opinion evidence of record in light of the consultative examiner's opinion; (4) obtain additional VE testimony based on a reformulated RFC; and (5) conduct any further necessary proceedings. *See Burrell v. Colvin*, 75 F.3d 1133, 1141 (9th Cir. 2014).

## CONCLUSION

For the reasons discussed above, the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case is REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this <u>7th</u> day of December 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge
